# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JESUS NARCISCO CORRAL-GARCIA, JR., )<br>)<br>Defendant. ) | NO.  CR-12-00196-001-HE |

## ORDER

Defendant Jesus Narcisco Corral-Garcia was charged by complaint filed in the Western District of Oklahoma with conspiracy to possess with intent to distribute and to distribute at least 30 pounds of methamphetamine.  He was arrested in Kansas and Magistrate Judge K. Gary Sebelius of the District of Kansas denied the government's motion for pretrial detention and ordered defendant's release.[1]  The government orally moved for a stay of the release order pending its appeal, which the magistrate judge granted.  The government then moved for review of the order, pursuant to 18 U.S.C. § 3145(a)(1).  It asserted defendant should be detained because he is both a flight risk and a danger to the community.  An evidentiary hearing was held regarding the government's motion on Wednesday, September 5, 2012, at which defendant appeared with counsel.  The government introduced exhibits and offered evidence through the testimony of Casey S. Cox, Special Agent with the F.B.I.  At the conclusion of the hearing the court granted the motion and ordered that defendant be detained pending trial.

---

[1]*During his initial appearance, defendant reserved his right to a preliminary hearing in the charging district, the Western District of Oklahoma.*

The court found the government demonstrated probable cause to believe that defendant committed a drug offense for which a maximum sentence of ten years or more is authorized. *See* 18 U.S.C. § 3142(e). That determination was based principally on Special Agent Cox's testimony, including his unrebutted statements regarding wiretap interceptions of defendant's conversations on May 18, 2012, June 14, 2012, and June 15, 2012, and his testimony related to surveillance and interviews with other alleged members of the conspiracy, that confirmed the substance of the intercepted conversations. That probable cause finding triggered the rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). "Once the presumption is invoked, the burden of production shifts to the defendant." United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991).

The defendant offered evidence of significant ties to the community. His family – parents and wife and three children – reside in Arizona. He has lived in Phoenix for over thirty years and is buying a home there. He has been employed by Heavy Metal Transport for the past six to seven years. He does not have a previous criminal record or a record of substance abuse and his employer said he could return to his former job. These circumstances make this case unusual and make the detention issue, as the Magistrate Judge noted, a close question. However, after considering the § 3142(g) factors in light of the

evidence in the record,[2] the court concluded that the government carried its burden of persuasion on the risk of flight issue. That burden of persuasion does not shift; it always remains with the government.[3] Stricklin, 932 F.2d at 1354-55.

The key factors in the court's analysis are the crime with which defendant has been charged and the evidence introduced by the government at the hearing. The government demonstrated there is probable cause to believe defendant was involved in a drug distribution conspiracy involving substantial amounts of methamphetamine. In satisfying its § 3142(e) burden, the government offered evidence that defendant transported 56 pounds of methamphetamine, which, with an additional 25 pounds, was subsequently seized from a residence in Oklahoma City. Special Agent Cox testified that the street value of the combined 81 pounds of methamphetamine was $1.2 million. If convicted, defendant appears to be facing a minimum term of imprisonment of ten years. Such a substantial minimum penalty creates a substantial incentive to flee. That factor, combined with evidence that defendant has relatives in Mexico, that he has traveled there frequently, sometimes with his family, over the past several years, that he has dual citizenship and thus can easily cross the

---

[2]*Additional evidence was presented at the hearing that was not before the magistrate judge when he considered whether defendant should be released or detained pending trial.*

[3]*At the conclusion of the hearing, the court stated that defendant had not rebutted the presumption. While defendant had met his burden of production, the court concluded his evidence was insufficient to warrant his release, in light of the evidence offered by the government and its invocation of the presumption of detention. See Stricklin, 932 F.2d at 1355 ("Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain."). In other words, for the reasons stated at the hearing and in this order, the court found the government met its burden of persuasion as to whether defendant is a flight risk.*

border, that he is an experienced traveler by reason of his job; and that he has likely lost, or at least had substantially impaired, his employment,[4] make defendant a flight risk.

The court concludes the government met its burden of persuasion that no conditions of release will reasonably assure defendant's appearance. It did not, though, make a sufficient showing by clear and convincing evidence that he was a danger to the community. Accordingly, on the basis of the defendant's status as a flight risk, the court grants the government's motion [Doc. #1] and revokes the order of release.

The defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Dated this 7th day of September, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4]*Although defendant's employer indicated he could have his job back, defendant's truck was confiscated by the government and his ability to travel and make deliveries would be severely restricted if he was released.*